**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IVONNE GONZÁLEZ CARRILLO,<br>Plaintiffs,<br><br>v.<br><br>BRAULIO AGOSTO MOTORS,<br>INSURANCE AGENCY ABC, INC.,<br>Defendants. | Case No. 17-1563<br><br>Re: Constructive Discharge,<br>Title VII of the Civil Rights<br>Act, 42 USC §§2000e, <u>et seq</u>, Sex<br>Discrimination under Law 100, 30<br>June, 1959, as amended, 29 LPRA<br>§§146-151; Retaliation under Law<br>115 of 20 December, 1991, as<br>amended; 29 LPRA §§ 194, et seq.<br><br>Trial by Jury is Requested |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW the plaintiff, Ivonne González Carrillo, i, through the undersigned counsel, and hereby ALLEGES, STATES, and PRAYS:

**JURISDICTION**

1. This Court has original jurisdiction to entertain this action as this is Complaint arising under the Constitution, the laws, and treatises of the United States of America. 29 USC §1331.

2. This is an action under Title VI of the Civil Rights Act, as amended, 42 USC §§2000e, <u>et seq</u>, for employment discrimination on the basis of sex.

3. This Court has supplementary jurisdiction under 28 USC §1367 since there are claims under Puerto Rico law under the same nucleus of facts in the above captioned civil action of which

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 2 of 21

this District Court of Puerto Rico has supplement jurisdiction as well.

## VENUE

4. Venue is proper as all events under which the plaintiff is requesting remedies arouse within the District of Puerto Rico.

## THE PARTIES

5. Ivonne González Carrillo is a single woman resident of San Juan.

6. Codefendant, Braulio Agosto Motors, LLC, is domestic for profit corporation authorized to do business in Puerto Rico.

7. Insurance Company ABC, Inc., is a fictitious name, at these stage in proceedings, to the insurance company retained or which held and insurance policy to cover any liabilities, either due to errors and omissions or to the actions thereof of any of Braulio Agosto's management, executives, board of director members, agents, and/or employees.  Upon information and belief, said Insurance Company ABC is duly authorized to do business as an insurance company by the Puerto Rico Insurance Commissioner Office.  The exact name will be substituted as soon as it is known.

## FACTS

1. Plaintiff Ivonne González Carrillo is of legal age, single, and resident of San Juan, Puerto Rico.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 3 of 21

2. González began her employment with Braulio Agosto on or around 2013 with a Braulio Agosto subsidiary until she was forced to resign on January 2016.

3. Braulio Agosto had more than one hundred (100) employees at all relevant times during the facts brought up in the instant Complaint.

4. During that time, Ivonne was always qualified and performed all duties in a diligent, proper, and satisfactory manner as these were either assigned or expected to be performed by her.

5. Her highest salary was SIXTY THOUSAND ($60,000.00) DOLLARS.

6. On March 21, 2016, Ms. González filed a complaint before the Puerto Rico Court of First Instance, San Juan Part, case number KPE 2016-0843 (506), González Carrillo v. Braulio Agosto Motors, LLC., et als, for constructive discharge against Braulio Agosto.  She requested severance pay under Law 80, 29 LPRA §§185a, and unearned wages.   On March 7, 2017, the San Juan Court entered judgment and dismissed Ms. González claims.

7. On March 13, Ms. González appealed before the Puerto Rico Court of Appeals, San Juan Judicial Region, case number KLAN 201700360, González Carrillo v. Braulio Agosto Motors, et als..  Said appeal is currently under the Court of Appeals

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 4 of 21

review.  Therefore, all and any findings by the San Juan Court are not final nor in full force.

### Exhaustion of Administrative Remedies

8. Administrative remedies, a requirement under Title VII, were exhausted.  On May 18, 2016, González, a charge of discrimination before the Equal Employment Opportunity Commission (hereinafter "EEOC"), San Juan Office, charge number 515-2016-00316 on sex discrimination grounds.   The EEOC issued a Notice of Right to Sue on January 31, 2017.

9. Ms. González received unemployment benefits under the Department of Labor and Human Resources Bureau of Job Security.   Said award was confirmed by a Department of Labor and Human Resources Office of the Secretary Administrative Judge.  Braulio Agosto did not file for judicial review.

### Law 80

10.  Ms. González is not requesting remedies under Law 80 in the instant Complaint.  Although several facts on Ms. González compliant were adjudicated before the Court of San Juan, we provide a summary to comply with well pled Complaint requirements.  Nevertheless, at the time of filing the instant Complaint, said findings of fact before the local court not final nor binding.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 5 of 21

**Facts**

11. Ms. González began her employment relationship with Braulio Agosto on April 2003, first with BAMI Realty, Banor Insurance, and then with Braulio Agosto, LLC..

12. Years went by, the Agosto family, who manage the company, began entrusting her with sensitive and confidential matters regarding their business operations and personal matters as well since she showed to be loyal, efficient, and devoted to her functions with BAMI Insurance Corporation, BAMI Realty, and Braulio Agosto and the Agosto family.

13. The Agosto family members are Braulio Agosto (hereinafter "Don Braulio"), his wife, Norma Flores (hereinafter "Doña Norma"), their son Miguel Agosto (hereinafter "Miguel") and their daughter Norma Agosto (hereinafter "Normita".)

14. On November 2012, González began her position as sales manager assistant, in addition to the functions she was rendering for BAMI, Braulio Agosto until November 2015. At the time, she was earning the amount of thirty thousand ($30,000.00) dollars yearly, plus thirty thousand ($30,000.00) dollars in commissions for an average amount of sixty thousand ($60,000.00) dollars. This was her highest salary for the last three (3) years.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 6 of 21

15.  On August 13, 2015, Miguel Agosto notified Ms. González that she would be trained for a Finance and Insurance Manager (hereinafter "F&I") Position which she would begin on or around November 2016.

16.  Ms. González was joyful and excited since that was a promotion in her career path with Braulio Agosto.

17.  Between August and September 2015, Ms. González attended a seminar offered by Jim Moran & Associates, Miami based consultants who were retained to train Miguel Agosto, Richard Lee, and Pedro Díaz.

18.  Ms. González had more seniority within the company than Pedro Díaz.

19.  The F&I Manager position required monitoring sales and marketing products related to the sale of the vehicles, such as, but not limited to extended warranties, car care, "xylon" (car painting warranty) and adjust monthly installments for prospective clients.

20.  On October 16, 2015, Braulio Agosto Sr. (hereinafter "Don Braulio"), met with González and reassured her "not to worry" that she would be given all the details and benefits for her F&I manager position.  Such reasons were due to the fact that the Agosto's would be vacation on October 16, 2015, at the same time Ms. González would enjoy her yearly vacations.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 7 of 21

21.  Three (3) F&I manager positions would be opened by Braulio Agosto.  Pedro Díaz, Richard Lee, and the plaintiff would be in such positions. Those were the company plans informed to the plaintiff.

22.  González vacations were approved with nine (9) months in advance.

23.  González was never advised that cancelling or postponing her vacations were a condition for her promotion or employment.

24.  While in Arizona Ms. González got ill and had to visit an Emergency Care Unit. Due to her condition, she could not fly as she could not breath, had high blood pressure, and high fever.

25.  She continuously kept Braulio Agosto management up to date, efforts done through email, telephone calls, and text messages.

26.  Up until November 4, 2015, said communications were continuously addressed to Diannette Seda, Human Resources, and Miguel Agosto.

27.  Due to such medical emergency, she had to change her plane tickets to return to San Juan.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 8 of 21

28. Upon her arrival, on October 28, 2015, she visited Dr. Garratón, her otorhinolaryngologist, who put her on medical leave until November 5, 2015.

29. González continuously kept Braulio Agosto management up to date, efforts done through email, telephone calls, and text messages.

30. Said communications were continuously addressed to Diannette Seda in Human Resources and Miguel Agosto.

31. González sent several emails to Braulio Agosto management inquiring on the matter, with no response, where ignored and taken for granted.

**November 2015**

32. Back to work from her medical leave and her vacations, on November 5, 2015, Miguel Agosto, Don Braulio, Doña Norma, and Seda called her for a meeting. She was informed that due to her "lack of interest" she would not hold the F&I Manager position. They referred to the fact that she enjoyed her vacations, already approved by management.

33. On or after November 5, 2015, González working conditions and environment changed dramatically.

34. As an example, Ms. González benefits and salary was cut by half: to thirty thousand ($30,000.00) dollars per year. She

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 9 of 21

was removed from her sales assistant position for which she would not be eligible for commissions, around to thirty thousand ($30,000.00) dollars per year.

35.  González was informed that from now on she would be paid by BAMI Insurance.  No benefits nor severance pay were paid.

36.  On November 6, she was removed from her work area, which was not of the same standard as her executive assistant office.   Braulio Agosto alleged it was because she was rendering different functions now.   She had no privacy to work.

37.  Although she was not a Braulio Agosto Motors employee, Ms. González continued rendering functions for BAMI Insurance, Braulio Agosto, despite there were changes in payroll. She kept working for Normita, Miguel Agosto, Don Braulio, and Doña Norma as requested while earning half of her salary.

38.  Ms. González questioned her employer's actions which made her feel ostracized. In addition, she was no longer taking care of the Agosto family personal affairs.

39.  By November 16, 2015, she was excluded from attending marketing meetings.  During such meetings, González engaged in advertising, promotions, and designing ads for printed media, radio spots and television.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 10 of 21

40.  On late November 2015, Miguel Agosto informed that they "needed her now in sales" and that he knew" she was "witty and smart".  He promised to meet with her on December 2015.

41.  On mid November 2015, Don Braulio told the plaintiff that they now needed her in quality control since, allegedly they were stealing from him (implying José Torres) and that she would be assigned to an "internal auditor" position and in F&I and "Doña Zulma was not doing her job".  This would be a new position.

42.  Braulio Agosto never opened such quality control position.  However, two (2) males: Richard Lee and Pedro Díaz were to such F&I managers on November.

### December 2015

43.  Early December 2015 she met with Miguel Agosto who advised her to "think things thoroughly", to go home and wonder "what she wanted to do with her life" and whether she would keep "playing with "papelitos" [papers] or "si quería hacer chavos de verdad" [if she really wanted to make real dough."]  During such meeting, González inquired what he meant since he was the one who demoted her and refused her the opportunity for doing so.  Agosto stressed her to "go home" and to "think about it."  They scheduled to meet on December 7.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 11 of 21

44.  Said December 7, 2015 meeting was cancelled with no reason.

45.  Upon Ms. González complaints and follow up requests, a meeting was scheduled for December 19, 2015.

46.  Said December 19, 2015 was postponed for the early morning, December 21, 2015 in order to discuss all details for her F&I position.

47.   On December 21st, 2015, said meeting was cancelled too: "Miguel Agosto could not be at the dealer."

48.  On or around December 21, 2015, Doña Norma lied to the plaintiff by saying that neither her nor Don Braulio could meet with her since Normita was on medical procedure.   This was a pretext to avoid meeting with González.

49.  Now at noon, that same day, Ms. González received an email from Diannette Seda in Human Resources informing that José Soto, a new hire, would be an F&I Manager.  José Soto is a male.

50.  Ms. González complained immediately to Seda, who informed those were the instructions given to her and that Miguel [Agosto] was the one who hired him and that he [José Soto] even had not completed any Human Resources paperwork.

51.   Therefore, Braulio Agosto had not only opened a third position as F&I manager, but hired a male who was not even a company employee.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 12 of 21

52. Ten (10) days later, on December 31, 2105, Doña Norma, together with Diannette Seda, promised Ivonne to meet on January 4, 2016.  This never happened.

53. Despite several follow up attempts to meet, Braulio Agosto management kept cancelling and postponing meetings scheduled to discuss Ms. González' future within the company.  She followed up between October until December 2015 and January 2016.

**January 2016**

54. Early January 2016, Ms. González tried to meet with the Agosto's, but said scheduled meetings were cancelled.  Don Braulio told her that "él ya no manda en el dealer" (he does not make any decisions on the dealer anymore), but his wife Doña Norma and son Miguel.  However, in other occasions he would tell her that "he was the only one" who had the decision-making power on the company.  Said requests were until mid January 2016.

55. On January 14, 2016, Miguel cancelled a meeting with González since he was playing golf and he would meet with her later "con más calma" (more at ease.)

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 13 of 21

56.  On January 15, 2016, Miguel Agosto told the plaintiff that Doña Norma would call her in order to meet.  This never happened.

57.  On a meeting held on January 19, 2016, Doña Norma and Miguel met with the plaintiff and said that she was not given the F&I position because she took October although "she knew she was going to be holding a new position" and because she took vacation, got sick for which "they could not wait for her."

58.  Frustrated, humiliated, ostracized, demoted, substituted by three (3) males, earning now half of her income, and disappointed González resigned.  Her efforts to improve her working conditions for almost three (3) months were not enough, leading to an unbearable working environment.

**LAW 100**

59.  Paragraphs 1 to 57 are incorporated.

60.  González was bypassed, for three (3) times, by males.

61.  González salary was cut in half, thirty thousand ($30,000.00) dollars.  Said actions where done

62.  Said actions or lack thereof for González termination were unjustified and un-excusable under the law.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 14 of 21

63. At all times, González has been and still is duly qualified to render her functions and duties as a F&I Manager.

64. González is a female, and in fact, was the only female trained to engage in such position.

65. González, being a female, belongs to a protected category under the law.

66. González holds over twenty (20) years of experience in business and management administration, and thirteen (13) years of experience sales in the automotive industry.

67. González was replaced by a male in November 2015 who had less seniority than her.

68. On December, González was promised a position in F&A. On that same date, she received an email from Human Resources stating that a male was newly hired to engage in such position.

69. González complained and followed up with Braulio Agosto management concerning this matter.

70. Those follow ups were through Miguel Agosto, Braulio Agosto, and Norma Agosto. These requests were not only ignored, but taken for granted.

71. Said actions are discriminatory under Puerto Rico Law 100, damages which amounts, at the least to one hundred and fifty thousand ($150,000.00) dollars, plus a double penalty of one

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 15 of 21

hundred and fifty thousand ($150,000.00) dollars, entitling him, at the least, to a total of THREE HUNDRED THOUSAND ($300,000.00) dollars.

72.  Due to Braulio Agosto's discriminatory practices, Gonzalez requests employment reinstallation, back pay, along with all employment benefits he is entitled to under his employment agreement, which amounts, at the least, to five thousand ($5,000.00) dollars with xx/100 per month, at the present time ONE HUNDRED AND THIRTY ($130,000.00DOLLARS WITH XX/100 until April 2017, amount which increases, at the least, by five thousand ($5,000.00) monthly.

73.  In the alternative, due to Braulio Agosto's discriminatory practices, front pay is requested for a period of three (3) years, the amount of ONE HUNDRED AND EIGHTY ($180,000.00) THOUSAND DOLLARS, plus all benefits.

74.  Plaintiff reserves the right to correct figures, modify and clarify his request for relief pursuant to his employment agreement and the remedies allowed under the law.

### COUNT II RETALIATION LAW 115

75.  Paragraphs 1 to 73 are incorporated.

76.  Ms. González was demoted and denied a promised job opportunity in retaliation for engaging in a protected activity under the law, taking her approved vacations.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 16 of 21

77.  Said actions are discriminatory under Puerto Rico Law 100, damages which amounts, at the least to one hundred and fifty thousand ($150,000.00) dollars, plus a double penalty of one hundred and fifty thousand ($150,000.00) dollars, entitling him, at the least, to a total of THREE HUNDRED THOUSAND ($300,000.00) dollars.

78.  Due to Braulio Agosto's discriminatory practices, Gonzalez requests employment reinstallation, back pay, along with all employment benefits he is entitled to under his employment agreement, which amounts, at the least, to five thousand ($5,000.00) dollars with xx/100 per month, at the present time ONE HUNDRED AND THIRTY ($130,000.00) DOLLARS WITH XX/100 until April 2017, amount which increases, at the least, by five thousand ($5,000.00) monthly.

79.  In the alternative, due to Braulio Agosto's discriminatory practices, front pay is requested for a period of three (3) years, the amount of ONE HUNDRED AND EIGHTY ($180,000.00) THOUSAND DOLLARS, plus all benefits.

80.  Plaintiff reserves the right to correct figures, modify and clarify his request for relief pursuant to his employment agreement and the remedies allowed under the law.

**COUNT III TITLE VII**

81.  Paragraphs 1 to 80 are incorporated.

82.  González was bypassed, for three (3) times, by males.

83.  González salary was cut in half, thirty thousand ($30,000.00) dollars.  Said actions where done on the basis of sex discrimination.

84.  Said actions or lack thereof for González termination were unjustified and un-excusable under the law.  These were intentional as well.

85.  At all times, González has been and still is duly qualified to render her functions and duties as a F&I Manager.

86.  González is a female, and in fact, was the only female trained to engage in such position.

87.  González, being a female, belongs to a protected category under the law.

88.  González holds over twenty (20) years of experience in administrative, management support, and sales in the automotive industry.

89.  González was replaced by a male in November 2015 who had less seniority than her.

90.  On December, González was promised a position in F&A.  On that same date, she received an email from Human Resources stating that a male was newly hired to engage in such position.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 18 of 21

91.  González complained and followed up with Braulio Agosto management concerning this matter.

92.  Those follow ups were through Miguel Agosto, Braulio Agosto, Norma Flores, and Norma Agosto.  These requests were not only ignored, but taken for granted.

93.    Said actions are discriminatory under Title VI, damages which amounts, at the least to one hundred and fifty thousand ($150,000.00) dollars, plus a double penalty of one hundred and fifty thousand ($150,000.00) dollars, entitling him, at the least, to a total of THREE HUNDRED THOUSAND ($300,000.00) dollars.

94.    Due to Braulio Agosto's discriminatory practices, Gonzalez requests employment reinstallation, back pay, along with all employment benefits he is entitled to under his employment agreement, which amounts, at the least, to five thousand ($5,000.00) dollars with xx/100 per month, at the present time ONE HUNDRED AND THIRTY ($130,000.00) DOLLARS WITH XX/100 until April 2017, amount which increases, at the least, by five thousand ($5,000.00) monthly.

95.    In the alternative, due to Braulio Agosto's discriminatory practices, front pay is requested for a

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 19 of 21

period of three (3) years, the amount of ONE HUNDRED AND TWENTY ($120,000.00) DOLLARS, plus all benefits.

96.  Plaintiff reserves the right to correct figures, modify and clarify his request for relief pursuant to his employment agreement and the remedies allowed under the law.

97.  González is distressed and frustrated as it has been impossible to find a similar job position, with benefits and wages up to her professional level and experience.  These efforts have been made for more than a year. She feels she is bypassed and is often perceived as been overqualified by prospective employers.  She fears Braulio Agosto has been damaging her reputation by providing negative employment references.

98.  Due to Braulio Agosto's reckless and indifferent actions, Ms. González has felt and still feels stressed out, gets angry, anxious, and frustrated.

99.  The plaintiff requests Compensatory and Punitive Damages which are, the least, for the amount of FIFTY THOUSAND ($50,000.00) DOLLARS.

100. Due to their actions and/or omissions and the facts set forth, Braulio Agosto and Insurance Agency ABC, either through its agents, employees, management, and/or contractors are liable to the plaintiffs.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 20 of 21

101. Trial by Jury is Requested.

102. Ms. González reserves the right to amend this Complaint, should there be required due to the number of employees in Braulio Agosto, allow this Court to assert jurisdiction and request any applicable remedies accordingly.

103. The plaintiffs also reserve the right to amend this Complaint, revise and or correct figures and/or should there be any other reason under the law.

**PRAYER FOR RELIEF**

104. At all times, Braulio Agosto and Insurance Company ABC, Inc., are liable to the plaintiffs for the grounds and facts set forth in this Complaint.

105. Ms. González requests this Honorable Grant this Complaint along with the following remedies:

a. For Count I, Law 100, for employment discrimination on the basis of sex.

b. For Count II, Retaliation for engaging in a protected activity under the law.

c. Plaintiffs requests costs and attorney fees for, pursuant to Puerto Rico law and the corresponding amounts under Title VI.

d. Prejudgment interest is requested.

e. Plaintiff requests trial by jury.

Complaint
González Carrillo v.
Braulio Agosto Motors, LLC
Page 21 of 21

    f. Plaintiffs requests to GRANT any other remedy deemed applicable under the law and equitable principles.

**WHEREFORE**, Ms. González requests this Honorable Grant this Complaint along with the following remedies:

    a. For Count I, Law 100, for employment discrimination on the basis of sex.

    b. For Count II, Retaliation for engaging in a protected activity under the law.

    c. Plaintiffs requests costs and attorney fees for, pursuant to Puerto Rico law and the corresponding amounts under Title VI.

    d. Prejudgment interest is requested.

    e. Plaintiff requests trial by jury.

    f. Plaintiffs requests to GRANT any other remedy deemed applicable under the law and equitable principles.

RESPECTFULLY SUBMITTED.

In Caguas, Puerto Rico, on April 29, 2017.

**LAW OFFICES OF EVELYN AIMÉE DE JESÚS**
PO Box 88
Caguas, P.R.  00726-0088
Telephone (787) 593-3055
Facsimile (787) 961-9336
email evelynaimee@me.com

s/  **EVELYN AIMÉE DE JESÚS**
USDC PR 218401